IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:21-cv-319

| | |
|---|---|
| BIANCA DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF FAYETTEVILLE, NORTH )<br>CAROLINA, )<br>)<br>Defendant. ) | **STIPULATED CONSENT**<br>**PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidential information, protect material one or more parties or other person producing a document believes to be entitled to be kept confidential, and ensure that protection is afforded only to such material, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of the parties it is

SO ORDERED:

1.  **Confidential Information**. As used in this Order, the terms "Confidential," "Confidential Documents," and "Confidential Information" mean information or documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that the party has a legitimate reason to maintain as confidential, and which a party to this action has produced to another party to this action during the course of discovery. (hereinafter "Confidential Information")

For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to

Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials subject to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

Without limiting the generality of the foregoing, Confidential Information includes, but is not limited to:

(a) Information maintained or developed by a party as a trade secret or to which that party has a proprietary interest;

(b) Information of a commercially private, sensitive, or confidential nature relating to the financial aspects of a party's business or relating to the private aspects of transactions with other persons or entities not parties to this action;

(c) Information received by a party which is provided to the party in confidence, and which is not generally or publicly disclosed by the party;

(d) Information the disclosure of which the party or the party's counsel believes could compromise or undermine the party's security, operations, or activities including without limitation the social security numbers and driver license numbers of the parties or witnesses;

(e) Information that is considered confidential under applicable law (e.g., N.C. Gen. Stat. § 160A-168) or is prohibited from disclosure by statute;

(f) Information the disclosure of which the party or the party's counsel believes would subject the party to annoyance, embarrassment, oppression, or undue burden or expense;

(g) Personnel, payroll, or employment records of a person who is not a party to the case;

(h) Information pertaining to any aspect of a party's physical, mental, or medical condition; or

(i) Medical and/or financial records of Plaintiff, which are provided to any party in the above-captioned case.

2. **Designation**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no Confidential Information may be disclosed to any person or entity for any purpose.

(a) Method for Designation. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents being produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or list of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) Certification by Counsel. The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

(c) Designation of Electronic Material. In the case of materials produced in discovery in the form of compact disc or similar portable electronic media, it shall be sufficient for the legend to appear on the printable face of such media; to the extent documents produced electronically are converted to hard copies for the purpose of filing or use in depositions or at trial, the purveyor of such documents shall mark the printed copy of each such document with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

(d) Materials not Eligible for Confidential Information Designation. Information or documents which are available to the public except by virtue of an unauthorized disclosure may not be designated as Confidential Information.

(e) Notwithstanding the "confidential" designation, a party may redact certain sensitive information within a particular document, such as social security numbers, dates of birth, financial account information, etc. *See* Fed. R. Civ. P. 5.2. However, a party may not redact any information regarding the name or identity of a potential witness, even if such witness is a minor, or other legitimately discoverable information.

3. **Protection of Confidential Information.**

(a) Permissible Use. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal or retrial thereof.

(b) Permissible Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1) – (9) below.

Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action to the extent reasonably necessary to render professional services in the litigation;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court, its personnel, and any special master appointed by the Court;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in *Attachment A*, Acknowledgment of Understanding and Agreement to be Bound;

(7) Witnesses at Depositions or at Trial. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(10) Members of the jury to the extent that it is necessary for the jury to inspect a confidential document.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to control, consistent with this Order, duplication of, access to, and distribution of copies of stamped confidential documents, as well as prevent unauthorized or inadvertent disclosure of the same. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

(d) Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential ("confidential documents"), as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified in section 3 (b)(1) – (9).

4. **Depositions**. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions of the deposition testimony that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until thirty (30) days after delivery of the transcript by the court reporter to any party or the witness.

(a) Designation of Deposition. Within thirty (30) days after delivery of the transcript or the entry of this Order, whichever is later, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript and/or Exhibits that are

designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. If a party makes a timely designation pursuant to this Order, the confidential portions of the transcript and exhibits shall be filed under seal separate from the portions of the transcript and exhibits not so marked.

(b) Confidential Exhibits Used During Deposition. A deposing party may, during a deposition, identify a document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as an exhibit if the deponent has prior knowledge of the Confidential Information contained therein or according to the provisions of paragraph 3(a) of this Order.

5. **Challenges to Confidential Information Designation**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence

that there is good cause for the document to continue to have such protection. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document or testimony as Confidential. If a party designates a document as Confidential Information after it was initially produced or Deposition testimony as Confidential after the time for such designation in Paragraph 4 above, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document and/or testimony is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information; however any dissemination of such Confidential Information after its designation as Confidential shall be a violation.

7. **Privilege or Protection Not Waived by Disclosure.** The production of confidential, privileged or work-product protected documents, electronically stored information, or information, including witness testimony, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Confidential, privileged or work-product protected documents or information, including copies thereof, may be so designated subsequent to production should either party fail to make such designation at the time of production, either inadvertently or otherwise. If discovery material is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" subsequent to production, the parties shall promptly make all reasonable and good faith efforts to

collect any copies that have been provided to individuals other than those identified in Paragraph 3, above. If discovery material that is privileged or subject to the work-product doctrine is identified subsequent to production, the party receiving such material shall promptly return the material or certify that it has been destroyed. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production

8. **Use of Confidential Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or court proceeding, subject to the Federal Rules of Evidence. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine if the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such Confidential Information at trial.

9. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation or by Other Agencies**.

(a) If another Court or administrative agency subpoenas or orders production of marked Confidential Information which a party has obtained under the terms of this Order, the receiving party must so notify the designating party, in writing, immediately and in no event more

than five (5) business days after receipt of the subpoena or Order or prior to the time for compliance if such time is shorter. Such notification must include a copy of the subpoena or Court Order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

11. **Action by the Court.** Applications to the Court for an Order relating to materials or documents designated Confidential Information shall be by Motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make Orders concerning the disclosure of documents produced in discovery or at trial.

12.     **Filing of Confidential Information or Documents**.  Confidential Information need not be filed with the Clerk except when required in connection with certain Motions or filings before the Court pursuant to the applicable Federal Rule of Civil Procedure which allows for the attachment of exhibits to said Motions or other filings. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as the documents, testimony or other information is properly designated as "Confidential Information" and labeled with the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

(a)     Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

13.     **Client Consultation**.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on examination of Confidential Information.

14.     It is specifically agreed that making confidential materials or documents available for inspection, and the production of confidential information, materials or documents shall not

constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials or documents shall not be considered as an acknowledgment that the information, materials or documents may be admissible into evidence at the trial of this action.

**15.     Obligations on Conclusion of Litigation.**

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within 120 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order and copies of same shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the producing party not more than 150 days after dismissal or entry of final judgment not subject to further appeal of this litigation.

(c)     Retention of Work Product and one Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. (3) except that one (1) copy of all documents may be retained by counsel for archival purposes.

Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

16. **Modification Permitted**. Nothing in this Order shall prevent the Court, on its own initiative or on Motion of a party or any other person with standing concerning the subject matter. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the court.

17. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms. All persons to whom Confidential Materials are disclosed pursuant to Paragraph 3 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Materials pursuant to Paragraph 3 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than Plaintiff and Defendant, counsel of record, employees of counsel of record, the Court and its personnel, and Court reporters and their staff must execute the form attached hereto as Exhibit A prior to the disclosure of Confidential Materials, which shall be

maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

IT IS SO ORDERED.

This the 17 day of May, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT COURT JUDGE

Dated: May 9, 2023

| | |
|---|---|
| **RICHBERG LAW, PLLC** | **JACKSON LEWIS P.C.** |
| BY: /s/ *Shayla C. Richberg* | BY: /s/ *Ann H. Smith* |
| Shayla C. Richberg | ANN H. SMITH |
| 3326 Durham-Chapel Hill Blvd. C – 120A | N. C. State Bar No. 23090 |
| Durham, NC 27707 | JANEAN B. DUNN |
| DefendMe@RichbergLaw.com | N. C. State Bar No. 50071 |
| *Attorney for Plaintiff* | 3737 Glenwood Avenue, Suite 450 |
| | Raleigh, NC 27612 |
| | Telephone: (919) 760-6476 |
| | Facsimile: (919) 760-6461 |
| | Email: Ann.Smith@jacksonlewis.com |
| | Email: Janean.Dunn@jacksonlewis.com |
| | *Attorneys for Defendant* |

## EXHIBIT A

## UNDERTAKEN TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order dated _____, 2023, in *Bianca Davis v. City of Fayetteville, North Carolina*, which is pending in the United States District Court for the Eastern District of North Carolina, Case No. 5:21-cv-319, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Consent Protective Order;

(2) will not reveal any information provided to me under the terms of this Consent Protective Order to anyone other than such persons designated in Paragraph 3 of this Order; and

(3) will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 2023.

SIGNATURE _____

PRINTED NAME _____